UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MIKHEAL CHRISTOPHER GILLIAM, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) Case No. 7:25-cv-00783-LCB-HNJ |
| v. | ) <br> ) |
| JOHN CROW, *et al.*, <br> *Elmore Warden* | ) <br> ) <br> ) |
| Respondents. | |

**REPORT AND RECOMMENDATION**

Petitioner Mikheal Christopher Gilliam ("Gilliam"), a person under a judgment of a court of Alabama, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Gilliam challenged his August 2, 2022, guilty-plea convictions in the Circuit Court of Tuscaloosa County, Alabama ("Circuit Court") for three counts of attempted murder and two counts of shooting into an occupied vehicle, for which the Circuit Court imposed five concurrent twenty-year prison terms on January 17, 2023. (Doc. 1 at 2). Gilliam died on October 30, 2025. (Doc. 11 at 1, 6).

The court referred the petition to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for preliminary review. As explained below, the undersigned **RECOMMENDS** the court **DISMISS** Gilliam's § 2254 petition, (doc. 1), **WITHOUT PREJUDICE** as **MOOT.**

## I.     FACTUAL & PROCEDURAL HISTORY

On August 2, 2022, Gilliam entered an open-ended or blind[1] guilty plea to three counts of attempted murder and two counts of shooting into an occupied vehicle. (Doc. 5-1 at 81-87). On January 17, 2023, the Circuit Court held a sentencing hearing to determine the length of Gilliam's sentence and to address his application for probation. (Doc. 5-1 at 33). The Circuit Court denied Gilliam's application for probation and imposed five concurrent twenty-year prison terms on January 17, 2023. (Doc. 5-1 at 33).

On May 19, 2025, Gilliam, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). As grounds for his petition, Gilliam argues as follows:

- ❖ Trial Counsel provided ineffective assistance of counsel in violation of Gilliam's Sixth Amendment rights when Trial Counsel told Gilliam "his only option was to plead guilty," and failed to properly advise Gilliam of the consequences of his plea, including incorrectly advising Gilliam "that the minimum sentence was probation or community corrections when in fact each attempted-murder count carried a minimum twenty-year term and a maximum life sentence." (Doc. 1 at 7, 15).

- ❖ Because Trial Counsel told Gilliam a "blind plea was the only option" and "never explained the statutory sentencing ranges and assured [Gilliam] that, if he entered a blind plea, the court would place him on probation or community corrections," Gilliam did not knowingly, voluntarily, and intelligently enter his guilty plea in violation of his due process rights. (Doc. 1 at 7, 16-18).

---

[1] A "blind" plea occurs when a defendant pleads guilty, but the defense and prosecution do not reach an agreement as to the sentence the court may impose. (*See* Doc. 5-1 at 33). In such circumstance, the trial court imposes the sentence. (*See* Doc. 5-1 at 33).

2

Gilliam argues the State court's decisions were contrary to and involved an unreasonable application of clearly established law – *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. United States*, 397 U.S. 742 (1970); and *Boykin v. Alabama*, 395 U.S. 238 (1969). (Doc. 1 at 7). Gilliam further argues the State courts unreasonably determined the facts considering the evidence presented. (Doc. 1 at 7).

In response to the court's Order to Show Cause, (doc. 3), Respondents filed an Answer supported by exhibits, (doc. 5). The court notified the parties it would consider the petition for summary disposition and advised Gilliam of the provisions and consequences of this procedure under Rule 8 of the Rules Governing Section 2254 Cases. (Doc. 6). After the court granted him an extension, Gilliam filed a reply. (Doc. 9).

Because the court's review of Gilliam's petition revealed he may be deceased, the court ordered Respondents to consult with appropriate Alabama Department of Corrections ("ADOC") officials and inform the court regarding Gilliam's suspected death. (Doc. 10). On January 21, 2026, Respondents confirmed Gilliam died on October 30, 2025. (Doc. 11 at 1, 6).

## II.   ANALYSIS

Gilliams claims warrant dismissal as moot. "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'"[2]

---

[2] The court may consider whether it maintains jurisdiction *sua sponte*. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating courts "have an independent obligation to determine whether

*Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (quoting U.S. CONST. art III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (alteration adopted); *see also Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) ("Mootness demands that there be something about the case that remains alive, present, real, and immediate so that a federal court can provide redress in some palpable way.")). "[P]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Soliman*, 296 F.3d at 1242 (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000)); *see also Gagliardi*, 889 F.3d at 733 ("Thus, a case that was once cognizable under Article III becomes moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit.'" (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013))).

---

subject-matter jurisdiction exists, even in the absence of a challenge from any party" (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999))); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (holding the federal courts are "'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking'" (quoting *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024))).

4

"Therefore, 'if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Soliman*, 296 F.3d at 1242 (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)) (alteration adopted); *see also Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (per curiam) ("A district court lacks the power, on mootness grounds, to decide a case if its decision cannot affect the rights of the litigants in the case. … [A] case must be dismissed as moot if the court can no longer provide meaningful relief." (internal quotation marks and citations omitted)); *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217 ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." (citation omitted)); *Gagliardi*, 889 F.3d at 733 ("[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992))).

"The death of the habeas petitioner renders a habeas action moot." *Bruno v. Sec., Fla. Dep't of Corrs.*, 700 F.3d 445, 445 (11th Cir. 2012) (per curiam) (citing *Dove v. United States,* 423 U.S. 325 (1976)). *See also Lockhart v. McCree*, 476 U.S. 162, 168 n. 2 (1986) ("[T]he habeas petitioner . . . died prior to the District Court's decision, so his case

became moot."); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975)[3] (per curiam) ("[Petitioner] died on December 20, 1974. This case is therefore moot."); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998) ("[Prisoner's] death during the pendency of his habeas petition rendered that action moot, and no earthly circumstance can revive it."); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (concluding "that [petitioner's] habeas petition has been rendered moot by his death" (collecting cases)); *McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996) ("Section 2254 authorizes a federal court to grant relief from unlawful custody, not to adjudicate all potential grievances between a prisoner and the state. [Deceased petitioner] is no longer a prisoner of Indiana. Any collateral consequences of that custody ended with his death. . . ."); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) ("Since [petitioner's] imprisonment ended upon his death, and there can be no future collateral consequences flowing from his imprisonment, his collateral attack is moot."); *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005) (order) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot.").

Because this court can no longer grant Gilliam meaningful relief, his § 2254 habeas petition warrants dismissal without prejudice as moot. *See Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002) ("Dismissal of a moot case is required

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), *abrogated in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

because mootness is jurisdictional." (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir.2001))); *Gardner v. Mutz*, 962 F.3d 1329, 1344 (11th Cir. 2020) (instructing that "the district court should dismiss without prejudice for lack of jurisdiction").

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** the court **DISMISS** Gilliam's § 2254 petition, (doc. 1), **WITHOUT PREJUDICE** as **MOOT**.

The undersigned includes no recommendation on whether the court should grant or deny a certificate of appealability ("COA") in this case because an appeal from the dismissal of a habeas petition for lack of jurisdiction does not require a COA. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'" (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004))).

### IV.   NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days**. The parties must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. (11th Cir. R. 3-1).

After receiving any objections, a District Judge will conduct a de novo review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a District Judge.

**DONE** this 23rd day of January, 2026.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE